LAW OFFICES OF
Robert J. McWhirter

Robert McWhirter, Bar # 012283
812 N. 2nd Ave.
Phoenix, AZ 85003
bob@robertjmcwhirter.com
480-980-0696
*Attorney for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>Plaintiff(s),<br>vs.<br>Brandon Douglas McCain,<br>Defendant(s). | NO. CR-23-01006-PHX-DJH<br><br>**PRESENTENCE REPORT OBJECTIONS** |

Brandon McCain through counsel objects to the draft Presentence Report (PSR) for the following:

1. Incorrectly raising his base offense level to 20 under USSG §2K2.1(a)(4)(B) for being a "prohibited possessor." PSR ⁋30.

2. The failure to grant him the three-point reduction for accepting responsibility. PSR ⁋28 and ⁋39.

### 1. Mr. McCain is not a "prohibited person."

Mr. McCain, with no prior felony convictions, was not a prohibited person when he committed this crime. The PSR's conclusion is incorrect because it,

a. violates the Second Amendment,
b. violates due process, and
c. the government cannot carry its evidentiary burden.

Mr. McCain's admitted drug use does not per se render him a prohibited person.

**a. Treating Mr. McCain as a prohibited person violates the Second Amendment.**

In *United States v. Connelly*, 117 F.4th 269, 272 (5th Cir. 2024), the Fifth Circuit considered whether a "non-violent, marijuana smoking gunowner" was a prohibited person under 18 U.S.C. § 922(g)(3). The defendant admitted to using marijuana as a sleep aid and for anxiety. As with Mr. McCain, nothing indicated Connelly carried the weapons under the influence of marijuana. The court concluded a prosecution—and, by extension, treating an individual as a prohibited person—under § 922(g)(3) could only withstand Second Amendment scrutiny if there was evidence,

(1) the person was impaired when he carried the firearms,

(2) the drugs alleged were so powerful the person was permanently impaired, or

(3) the drug use was so regular rendered the person continually impaired.

*Connelly*, 117 F.4th at 275-277.

Regarding Mr. McCain, no evidence establishes the above factors. Though the PSR says Mr. McCain admitted he used fentanyl daily, it does not show (1) he was necessarily impaired when he committed this offense or (2) he was permanently impaired. Specifically, nothing in the PSR establishes Mr. McCain was impaired on any specific purchase date to trigger USSG 2K2.1(a)(4)(B)'s level 20 base offense level. Finally, (3) although fentanyl is a powerful drug, no facts show it rendered Mr. McCain "permanently impaired in a way comparable to severe mental illness." *See Connelly*, 117 F4th at 277. No evidence shows Mr. McCain's use was "so regular and heavy" he was "continually impaired."

The PSR's determination Mr. McCain is a "prohibited person" is inconsistent with his Second Amendment rights. Ultimately, the Government has the burden to establish this factor, which the PSR fails to justify.

**b. Applying USSG §2K2.1(a)(4)(B) here violates the Fifth and Eighth Amendments.**

Treating Mr. McCain as a prohibited person from a single statement during the presentence interview violates due process.

In *United States v. Purdy*, 264 F.3d 809, 812 (9th Cir 2001), the Ninth Circuit considered a due process challenge to an individual's conviction under § 922(g)(3). Purdy argued §922(g)(3) was unconstitutionally vague, because it did not provide adequate notice that "the manner and extent to which [the defendant] smoked marijuana and methamphetamine qualified him as an 'unlawful user of a controlled substance.'" *Purdy* at 812. The evidence showed Purdy used cocaine, methamphetamine, and marijuana "on a regular basis for years," including that he smoked methamphetamine and marijuana contemporaneously with his firearm possession. The Ninth Circuit emphasized to establish someone is a prohibited person under §922(g)(3), due process requires the government to prove:

> (1) The defendant took drugs with regularity, over an extended period and contemporaneously with his purchase or possession of a firearm, and
>
> (2) The drug used was not one "that may be used legally by laymen in some circumstances."

*Purdy* at 812 and 813. Again, no evidence beyond Mr. McCain's generalized admission of use proves he was contemporaneously impaired during any firearm purchase.

The PSR is using USSG §2K2.1(a)(4)(B) to punish Mr. McCain for his status as a drug user or addict. *Robinson v. California*, 370 U.S. 660 (1962) holds the Eighth Amendment prohibits punishing people for status. *Robinson* demonstrates not only the PSR's application of USSG §2K2.1(a)(4)(B) is incorrect but may show USSG §2K2.1(a)(4)(B) is unconstitutional for punishing status.

Thus, applying USSG §2K2.1(a)(4)(B) to Mr. McCain violates not only the Fifth Amendment but also the Eighth.

**c. The government cannot meet its burden to show USSG §2K2.1(a)(4)(B) Applies.**

Regardless of the PSR, the government still has the evidentiary burden to prove Mr. McCain was a prohibited possessor during the offense. Mr. McCain's statement during the presentence interview is insufficient to prove this.

The PSR states Mr. McCain "acknowledged at the time to the instant offense, he used fentanyl daily." PSR ¶30. Several evidentiary gaps would preclude using only this statement to prove Mr. McCain was a prohibited person.

No evidence exists beyond Mr. McCains own generalized admission he was a prohibited possessor. *See United States v. Miller*, 874 F.2d 1255, 1279 (9th Cir. 1989) ("The government must introduce sufficient independent evidence that tends to establish that a defendant's admission is trustworthy."). Also, no evidence suggests when Mr. McCain's "daily" use began.

Even assuming Mr. McCain was a daily user during when he committed this offense, no specific evidence proves he was under the influence at the time. The Government needs to prove Mr. McCain was under the influence when he purchased the firearms. Here, the specific details of timing and use matter significantly. Again, no evidence established Mr. McCain was a prohibited person at the relevant time.

The PSR's assessment is too flimsy a basis for the Govbernment to establish Mr. McCain was a prohibited possessor at the relevant time.

**2. Mr. McCain accepted responsibility despite his obstruction.**

The PSR states "Acceptance Responsibility: none." PSR ⁋39. This Court should correct this because Mr. McCain accepted responsibility during the presentence interview.

The PSR fails to grant Mr. McCain acceptance of responsibility because it also assessed him a two-level increase for obstructing justice. PSR ⁋36. It also notes a somewhat irrelevant factual discrepancy in Mr. McCain statements as justification for denying acceptance:

> Notably, the defendant's admission in *the* factual basis that he recruited Aparicio to purchase firearms on his behalf for this firearms scheme conflicts with his statement to probation that he planned to keep the weapons Aparicio's purchased for himself. This conflicting statement, along with his obstructive conduct, does not constitute an extraordinary circumstance as required for an acceptance reduction. USSG §3E1.1, comment. (n.4).

PSR ⁋28. The putative "conflicting statement" appears to be nothing more than a confused statement from Mr. McCain and utterly immaterial to either the charges or Mr. McCain's since acceptance of responsibility.

Making the PSR's determination especially ill-founded is Mr. McCain's sincere articulation of remorse:

> After being arrested for absconding pretrial supervision, McCain was interviewed by the probation officer and provided a statement wherein he admitted to his conduct as described in the factual basis of the plea agreement. The defendant stated he felt guilty for placing Aparicio in the position he did. He stated he had no plans for the other weapons Aparicio purchased other than to keep them for himself. He is embarrassed by his behavior and never wants to go through this again.

PSR ⁋27. The statement is as sincere an expression of acceptance as this Court has seen.

Despite the PSR's determination, the adjustments of obstruction and acceptance are not necessarily connected as the guideline application note:

> §3E1.1. Acceptance of Responsibility Commentary - Application Notes:
> 4. Conduct resulting in an enhancement under §3C1.1 (Obstructing or Impeding the Administration of Justice) ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct. There may, however, be extraordinary cases in which adjustments under both §§3C1.1 and 3E1.1 may apply.

Mr. McCain absconded from pretrial release for just under a year. PSR ⁋36. Nothing in the PSR indicates Mr. McCain absconded with an intent to obstruct justice.

The Ninth Circuit only affirms a district court's denial of simultaneous adjustments for obstruction and acceptance (USSG §§3C1.1 and 3E1.1) "when the obstructive

conduct is not consistent with the defendant's acceptance of responsibility." *United States v. Hopper*, 27 F.3d 378, 383 (9th Cir. 1994). *Hopper* directs the focus for analyzing obstruction and acceptance together:

> [T]he relevant inquiry for determining if a case is an extraordinary case within the meaning of Application Note 4 is whether the defendant's obstructive conduct is not inconsistent with the defendant's acceptance of responsibility.

*Hopper* at 383. *Hopper* goes on,

> "[t]o conclude a case is not extraordinary, the district court must necessarily find the obstructive conduct is inconsistent with the defendant's acceptance of responsibility.

Here, Mr. McCain's obstruction ended with his arrest and is not "inconsistent" with his subsequent acceptance of responsibility.

*Hopper* provides an apt comparison to Mr. McCain's case. Hopper obstructed justice by burning evidence and trying to get false alibis. Despite this, the Ninth Circuit held Hopper obstruction was still consistent with his subsequent confession and disclosure of information relating to the crime. Although Hopper's obstructive conduct "persisted for a few days, it was not a methodical, continued effort to obstruct justice." Also, he "did not feign acceptance of responsibility while continuing obstructive conduct in an attempt to hinder the Government's investigation." As the Ninth Circuit concluded "Hopper's initial obstructive conduct was not inconsistent with his subsequent acceptance of responsibility …." *Hopper* at 383. Likewise, there is nothing persistent or methodical in Mr. McCain's conduct and, as with Mr. Hopper, Mr. McCain did not feign acceptance of his crime.

As *Hopper* explains, only when the defendant's obstructive conduct calls into question the sincerity of the defendant's acceptance of responsibility should this Court deny the downward adjustment:

> "As a result of this inconsistency, the sincerity of the defendant's acceptance of responsibility becomes questionable, and a defendant should never receive an

> offense level reduction for acceptance of responsibility when there is obstructive conduct contradicting that acceptance of responsibility."

The PSR presents no facts calling into question Mr. McCain's sincere remorse and accepting responsibility.

Cases where obstruction is ***not*** inconsistent with an acceptance of responsibility happen when a defendant, although initially attempting to conceal the crime, eventually accepts responsibility for the crime and abandons all attempts to obstruct justice. *Hopper* at 383 citing *United States v. Booth*, 996 F.2d 1395, 1396-97 (2d Cir.1993) (defendant told victim not to cooperate with FBI and later confessed); *United States v. Lallemand*, 989 F.2d 936, 937-38 (7th Cir.1993) (defendant initially counseled accomplice to destroy evidence and then later confessed and told accomplice not to destroy evidence). As Hopper sums up, obstruction and acceptance are two separate findings:

> [A]s long as the defendant's acceptance of responsibility is not contradicted by an ongoing attempt to obstruct justice, the case is an extraordinary case within the meaning of Application Note 4 and simultaneous adjustments under Secs. 3C1.1 and 3E1.1 are permissible.

*Hopper* at 383.

Here, Mr. McCain's obstruction by walking away from a half-way house was not "an ongoing attempt to obstruct justice" and "is not contradicted by" his subsequent and sincere accepting responsibility. As *Hopper* and other caselaw clarifies, Mr. McCain's case "is an extraordinary case within the meaning of Application Note 4 and simultaneous adjustments under Secs. 3C1.1 and 3E1.1 are permissible."

Other cases distinguish Mr. McCain's. *United States v. Lato*, 934 F.2d 1080, 1083 (9th Cor 1991) held the district court correctly found both obstruction and no acceptance from the "purposeful and methodical way" the defendant obstructed justice by attempting to suborn perjury and insincerely expressing remorse. Here, Mr. McCain demonstrates

no such thing. Rather, he obstructed justice ***and*** has shown sincere remorse for his crime. In *United States v. Acuna*, 9 F.3d 1442, 1446 (9th Cir.1993) the defendant, after pleading guilty, testified falsely on for his coconspirators. His false testimony not only obstructed justice but was "inconsistent with an acceptance of responsibility, thereby foreclosing the possibility that the case was an extraordinary case."

Mr. McCain's upward adjustment for obstruction remains comparable with him receiving the downward adjustment for his sincere accepting responsibility for his crimes.

**Conclusion.**

Under USSG § 2K2.1(a)(7) Mr. McCain's base offense level should be 12 rather than 20. Also, the PSR incorrectly denied Mr. McCain acceptance of responsibility and its valid three-point downward adjustment.

Brandon McCain is a young man facing his first felony conviction and the PSR recommends an inappropriately long sentence considering all the 18 USC §3553 factors.

Mr. McCain requests this Court grant his objections.

**Respectfully submitted** this 31st day of December, 2024.

*S/ Robert J. McWhirter*
Robert J. McWhirter

CERTIFICATE OF SERVICE

Original of the foregoing electronically filed on this 31st day of December, 2024, utilizing the ECF Arizona District Court filing system and a copy has been distributed or will be emailed to the following registrants in this case:

CLERK'S OFFICE
United States District Court
401 West Washington Street
Phoenix, Arizona 85003

Honorable Diane J Humetewa
United States District Court Judge

Addison B Owen, U.S. Attorney
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

*s/ Robert McWhirter*