
LAW OFFICES OF
**Robert J. McWhirter**

Robert McWhirter, Bar # 012283
812 N. 2nd Ave.
Phoenix, AZ 85003
bob@robertjmcwhirter.com
480-980-0696
*Attorney for Defendant*

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | NO. CR-23-01006-PHX-DJH |
| Plaintiff(s), | |
| vs. | **SECOND PRESENTENCE REPORT OBJECTIONS** |
| Brandon Douglas McCain, | |
| Defendant(s). | |

Brandon McCain through counsel files this Second Objection to the draft Presentence Report (PSR) for the following reasons.

### The PSR Double Counts the Same Conduct under §2K2.1(b)(5) *and* §2K2.1(b)(6)(A).

The PSR adds four levels to Mr. McCain's base offense level under USSG §2K2.1(b)(5) because Mr. McCain "admitted the guns were going to Mexico," reasoning, "possession and/or receipt of these weapons by any person in Mexico would be illegal given the guns were unlawfully smuggled into the country." PSR ℙ32.

1

The PSR then goes on to add four more levels under USSG §2K2.1(b)(6)(A) for the same reason:

> Four levels are added as a defendant's phone records reveal communications about the sale and payment of purchase of firearms and the knowledge the firearms were going to be traffic to Mexico.

PSR ₱33. This doubly punishes Mr. McCain for the same criminal conduct.

The Guidelines "spell out numerous instances in which a particular provision should not be applied to the same conduct as another provision." *United States v. Smith*, 719 F.3d 1120, 1124 (9th Cir. 2013). Thus, in the Ninth Circuit sentencing courts infer "the Commission would not intend courts to apply a Guidelines provision that would 'increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines.'" *Smith* at 1124 (quoting *United States v. Holt*, 510 F.3d 1007, 1011 (9th Cir. 2007)). Only if "each invocation of the behavior serves a unique purpose under the Guidelines," then the Commission "authorized and intended" the cumulative application of both provisions. *United States v. Holt*, 510 F.3d 1007, 1011 (9th Cir. 2007).

Here, the PSR says this Court should punish Mr. McCain with the four level increase because he "admitted the guns were going to Mexico" and "possession and/or receipt of these weapons by any person in Mexico would be illegal given the guns were unlawfully smuggled into the country." PSR ₱32. At the same time the PSR says Mr. McCain should get an additional 4 level increase because "the firearms were going to be traffic to Mexico." PSR ₱33. The enhancement at USSG §2K2.1(b)(5) "has already been fully accounted for by application of another part of the Guidelines" in this case USSG §2K2.1(b)(6)(A). Adding two four-level enhancements does not serve "a unique purpose under the Guidelines."

One enhancement is enough.

**The PSR fails to establish Mr. McCain knew the guns were going to a prohibited possessor.**

PSR ⁋32 states the "possession and/or receipt of these weapons by any person in Mexico would be illegal given the guns were unlawfully smuggled into the country." This statement does not necessarily follow. Although the guns were illegally smuggled, it does not necessarily mean they ended up in the hands of a "prohibited possessor" -- they could have ended up in the hands of a lawful possessor living in Mexico such as a United States citizen who would not have known the guns were smuggled.

USSG §2K2.1(b)(5)(B)(i)(I) states a defendant had to have,

> "transported, transferred, sold … a firearm … knowing or having reason to believe that such conduct would result in the receipt of the firearm or ammunition by an individual who (I) was a prohibited person."

Nothing in the PSR or the facts here demonstrate Mr. McCain knew or had reason to believe the guns were going to a "prohibited person." The smuggling crime alone does not establish the recipients were "prohibited possessors."

Thus, Mr. McCain requests this Court not apply the USSG §2K2.1(b)(5)(B)(i)(I) enhancement PSR ⁋32 recommends.

In addition, although the PSR adds four points to Mr. McCain's base offense level it appears the 2024 USSG §2K2.1(b)(5)(B)(i)(I) version only allows for a two-point increase.

**Conclusion.**

Brandon McCain is a young man facing his first felony conviction and the PSR recommends an inappropriately long sentence considering all the 18 USC §3553 factors. Mr. McCain requests this Court grant his objections.

**Respectfully submitted** this 8th day of January, 2025.

*S/ Robert J. McWhirter*
Robert J. McWhirter

CERTIFICATE OF SERVICE

Original of the foregoing electronically filed on January 8th, 2025, utilizing the ECF Arizona District Court filing system and a copy has been distributed or will be emailed to the following registrants in this case:

CLERK'S OFFICE
United States District Court
401 West Washington Street
Phoenix, Arizona 85003

Honorable Diane J Humetewa
United States District Court Judge

Addison B Owen, U.S. Attorney
United States Attorney's Office
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408

 *s/ Robert McWhirter*