GARY M. RESTAINO
United States Attorney

ADDISON OWEN
Arizona State Bar No. 031263
Assistant United States Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone:  602-514-7500
Email: Addison.Owen@usdoj.gov
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR 23-1006-01-DJH |
| Plaintiff, | |
| vs. | **UNITED STATES' RESPONSE TO DEFENDANT'S PRESENTENCE REPORT OBJECTIONS** |
| Brandon Douglas McCain, Jr., | |
| Defendant. | |

The United States, having reviewed the Presentence Report (Doc. 127) and Defendant's Presentence Report Objections (Docs. 123 and 126), opposes and supports the objections as outlined below.

**I.     RESPONSE TO DEFENDANT'S PRESENTENCE REPORT OBJECTIONS**

**A. THE UNITED STATES DOES NOT HAVE SUFFICIENT EVIDENCE TO PROVE DEFENDANT MEETS THE DEFINITION OF PROHIBITED POSSESSOR. THEREFORE, UNDER SECTION 2K2.1, THE CORRECT BASE LEVEL OFFENSE IS 12.**

Under the USSG, Section 2K2.1(a)(4)(B), a person receives a base level offense of 20 if the (i) offense involved a (I) semiautomatic firearm that is capable of accepting a large capacity magazine; or (II) firearm that is described in 26 U.S.C. § 5845(a); and (ii)

defendant (I) was a prohibited person at the time the defendant committed the instant offense; (II) is convicted under 18 U.S.C. § 922(d); or (III) is convicted under 18 U.S.C. § 922(a)(6) or § 924(a)(1)(A) and committed the offense with knowledge, intent, or reason to believe that the offense would result in the transfer of a firearm or ammunition to a prohibited person.

Defendant was in possession of high-capacity firearms, so Defendant only argues he was not a prohibited possessor at the time of possession. The PSR finds him to be a prohibited possessor due to his status under Title 18 U.S.C. Section 922(g)(3), which provides individuals are prohibited possessor if they are an unlawful user of or addicted to any controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)). Title 21 U.S.C. 802(a)(1) defines "addict" to mean any individual who habitually uses any narcotic drug so as to endanger the public morals, health, safety, or welfare, or who is so far addicted to the use of narcotic drugs as to have lost the power of self-control with reference to his addiction.

In this case, we are relying heavily on the Defendant's admissions of drug use. Specifically, when speaking with investigators on December 20, 2022, he stated that he smoked marijuana a couple days before the purchase of a firearm but claimed to not be using drugs at the time of the purchase (PSR ¶ 11). Inconsistently, during the presentence report, he admitted to using fentanyl daily from 2020 until his arrest. (PSR ¶ 64). Defendant also had a straw in his vehicle on December 20, 2022 when contacted by police[1], consistent with the use of fentanyl. (PSR ¶ 9). The United States is not in possession of evidence of drug tests, rehab stays, or witness testimony that supports his statements about his use during the purchases/possession of the firearms. Generally, to successfully prove someone is an addict or unlawful user, we would need more evidence

_____

[1] It would appear Yuma County charged Defendant with possession of paraphernalia for his possession of the straw, however the charges were dismissed, and no further information is available. (PSR ¶ 52).

than the Defendant's own statements. Further, any tests done during his pretrial release would have been distant from his original possession.

Because the support is only his admission, the United States believes this objection should be sustained and the correct offense level would be 12.

### B. THE UNITED STATES HAS SUFFICIENT EVIDENCE TO PROVE DEFENDANT WAS A TRAFFICKING FIREARMS

In June 2022, the Bipartisan Safer Communities Act codified the criminal offense of Firearm Trafficking. However, the 2021 USSG do not define Firearms Trafficking consistent with the criminal offense. USSG §2K2.1(b)(5) provides for a +4 increase if the Defendant engaged in firearms trafficking. The Application Notes further comments that Subsection (b)(5) applies, regardless of whether anything of value was exchanged, if the defendant— (i) transported, transferred, or otherwise disposed of two or more firearms to another individual, or *received two or more firearms* with the intent to transport, transfer, or otherwise dispose of firearms to another individual; and (ii) knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual— (I) whose possession or receipt of the firearm would be unlawful; or (II) *who intended to use or dispose of the firearm unlawfully*.

Based on Defendant's cell phone data, it appears the firearms purchased/attempted to purchase by his three co-defendants on December 20, 2022 were to be transferred to an individual known as Ruben Lopez. During Facebook messenger communications with Ruben Lopez on December 19, 2022, Lopez asked Defendant to purchase 4 Berettas. On December 20, 2022, all three co-Defendant's purchased or attempt to purchase Berettas. In addition, Defendant routinely purchased the same make and model of firearms, which he described in Facebook messenger as those sought by the Cartel. He also purchased more than one firearm on most occasions. Of the firearms he purchased himself, two have been recovered in Mexico. See below.

| FFL | Date | Firearm |
|---|---|---|
| Jones and | 5/10/2022 and Transfer/Recertification date | Century Arms, Draco, 7.62x39, Pistol Serial Number: SVP007174 |

| Jones | 5/16/2022 (Paid $884.61) | |
|---|---|---|
| Jones and Jones | 8/3/2022 and Transfer/Recertification date 8/9/2022 (Paid $4,302.63) | Glock, G20SF, 10mm, Pistol Serial Number: BWTG767 |
| | | Pioneer, AK-47, 7.62x39, Rifle Serial Number: PAC1170853 |
| | | Pioneer, AK-47, 7.62x39, Rifle Serial Number: PAC1175912 |
| | | Century Arms, BFT47, 7.62x39, Rifle Serial Number: BFT47013292 |
| | | Century Arms, BFT47, 7.62x39, Rifle Serial Number: BFT47010027 FIREARM RECOVERED IN MEXICO CITY, MEXICO ON MARCH 16, 2023 |
| Jones and Jones | 8/18/2022 and Transferred/Recertified on 8/24/2022 (Paid $2,184.39) | Pioneer, Hellpup, 7.62x39, Pistol Serial Number: PAC1178110 |
| | | Anderson, AM-15, .223/5.56, Pistol Serial Number: 22063711 |
| | | Beretta, 92FS, 9mm, Pistol Serial Number: A310021Z |
| Jones and Jones | 11/25/2022 and Transferred/Recertified on 12/1/2022 (Paid $1,854.65) | Century Arms, BFT47, 7.62x39, Rifle Serial Number: BFT47012265 |
| | | Century Arms, BFT47, 7.62x39, Rifle Serial Number: BFT47013070 FIREARM RECOVERED IN MEXICO ON MAY 16, 2023 |
| Jones and Jones | 12/3/2022 and Transferred/Recertified on 12/8/2022 (Paid $5,706.31) | Century Arms, BFT47, 7.62x39, Rifle Serial Number: BFT47008735 |
| | | FNA, Scar20S, 7.62x51, Rifle Serial Number: PIR11583 |

To further confirm the suspected destiny of these firearms, on May 10, 2022, the Defendant told one of the prospective straw purchasers,

**"I buy and sell straps to the cartel out here",**

**"Probably have like 9 straps i tool out under my name with bodies[2] out in mex right now."**

In addition to the Presentence Report Writer's analysis, the United States submits

---

[2] This terminology is intended to convey that the firearms were used to kill another person.

- 4 -

the above facts found in the Facebook messenger exchanges support that the Defendant received more than two firearms that were to be transferred and he knew would be used by the cartel for crimes, to include murder. This analysis is distinct and separate from knowing the firearms were destined for Mexico.

## C. THE UNITED STATES SUPPORTS A 3-POINT REDUCTION FOR ACCEPTANCE OF RESPONSBILITY

For the reasons stated in Defendant's Objection to the Presentence Report (Doc. 123) and consistent with the plea agreement (Doc. 119), the United States supports a 3-point reduction for acceptance of responsibility. After his arrest, Defendant promptly accepted responsibility by entering a plea agreement after reviewing discovery. The statements he provided to probation appear consistent with the factual basis.

For this reason, the objection should be sustained.

## II.     CONLCUSION

If the court were to make findings consistent with the United States' positions as outlined above, the Defendant would have a total offense level of 27, with a criminal history score of I, and his new guideline range would be 70 – 87 months. The plea stipulates the sentence shall not exceed the midpoint, which would be 78.5 months.

Respectfully submitted this 20th day of January 2025.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Addison Owen*
ADDISON OWEN
Assistant U.S. Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 20, 2025, I either provided copies in person in court or electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to various defense counsel to be appointed.:

Robert J. McWhirter
*Attorney for Defendant*

*s/Addison Owen*
United States Attorney's Office